IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-20169-01-KHV |
| ROOSEVELT ARON, III, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Petition For Judicial Recommendation Pursuant To The Second Chance Act Of 2007 (Doc. #78) filed March 5, 2015. Defendant asks for a judicial recommendation that he serve the final 12 months of his sentence in a residential re-entry center under the Second Chance Act, 18 U.S.C. § 3621. In considering placements, the Bureau of Prisons considers a number of factors including any statement by the sentencing court concerning the purposes of the sentence of incarceration and any recommendation by the sentencing court regarding the type of penal or correctional facility. 18 U.S.C. § 3621(b)(4). At sentencing, defendant did not ask for any recommendation regarding placement in a residential re-entry center during the final months of his sentence and the Court did not specifically address the issue. Defendant effectively seeks to have his sentence amended to include such a recommendation.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in

prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48.  None of these exceptions apply here.  Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time.  See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors).  Finally, the Court does not have inherent authority to resentence defendant.  See Blackwell, 81 F.3d at 949.  For these reasons, the Court does not have jurisdiction to amend defendant's sentence at this time to include a specific recommendation on the timing of any placement in a residential re-entry facility.[1]

**IT IS THEREFORE ORDERED** that defendant's Petition For Judicial Recommendation Pursuant To The Second Chance Act Of 2007 (Doc. #78) filed March 5, 2015 be and hereby is **OVERRULED**.

---

[1] Even if the Court had jurisdiction to make such a recommendation at this time, it would not do so.  The Bureau of Prisons routinely decides the timing of placement in a residential re-entry facility without the benefit of the sentencing court's recommendation on the issue.  The Court does not necessarily oppose pre-release placement in a residential re-entry facility, but the Bureau of Prisons is the entity which ordinarily makes this determination.  See Pasonick v. Strada, No. 12 cv 6204(SLT), 2013 WL 431332, *2 (E.D.N.Y. Feb. 4, 2013) (BOP retains discretion under Second Chance Act to decide whether and when inmate should be placed at residential re-entry facility); 18 U.S.C. § 3621(b) (order, recommendation or request by sentencing court that defendant serve term of imprisonment in community corrections facility not binding on BOP).

Dated this 13th day of April, 2015 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge