IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 08-20169-01-KHV |
| ROOSEVELT ARON, III, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>Petition For Reduction Of Sentence Based Upon Exceptional Rehabilitative Efforts</u> (Doc. #80) filed April 27, 2015. Defendant asks that the Court reduce his sentence based on post-sentencing rehabilitation. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. <u>See</u> 18 U.S.C. § 3582(c); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); <u>see</u> <u>Blackwell</u>, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. <u>See</u> <u>Blackwell</u>, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36

(authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's Petition For Reduction Of Sentence Based Upon Exceptional Rehabilitative Efforts (Doc. #80) filed April 27, 2015 be and hereby is **OVERRULED**.

Dated this 4th day of May, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant cites Koon v. United States, 518 U.S. 81 (1996), but Koon does not expand the Court's authority to re-sentence a defendant. Koon merely permits the Court to consider post-offense rehabilitation as a basis for downward departure if and when re-sentencing is otherwise authorized. See id. at 94-96.